IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RONNIE HOLBERT**                                                                                         **PLAINTIFF**

v.                                         **CASE NO.: 5:08CV00075-JLH/BD**

**ADAMS, et al.**                                                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections**

The following recommended disposition has been sent to Chief United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II.     Background

Plaintiff, a detainee at the W.C. Brasswell Detention Center in Jefferson County, Arkansas, filed a pro se Complaint under 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis*. (Docket entries #1 and #2)  In his Complaint, Plaintiff alleges that on March 12, 2008, the Jefferson County Sheriff's Office conducted a search at the W.C. Brassell Detention Center during which sheriff's deputies confiscated Plaintiff's pencils, pens, and personal hygiene products. Plaintiff alleges that his personal items, including his toothbrush, toothpaste, and deodorant, have not been returned to him. Plaintiff names as Defendants Captain Adams, in his official capacity only, the W.C. Brassell Detention Facility, and Jefferson County. Plaintiff seeks monetary damages.

Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983. Accordingly, the Court recommends DISMISSAL of Plaintiff's Complaint

## III.    Discussion

### A.    *Standard*

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983. *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

    B.    *Captain Adams*

The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his or her official capacity for monetary damages which must be paid from public funds in the state treasury. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992) (per curiam); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989). Only two exceptions exist to Eleventh Amendment immunity: (1) "where Congress has statutorily

abrogated such immunity by clear and unmistakable language," or (2) where a state has waived its immunity to suit in federal court, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Barnes*, 960 F.2d at 64-65 (citing *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473-74 (1987)).  Neither exception is applicable to Plaintiff's case.  See *Will*, 491 U.S. at 66.

Plaintiff has neither pled, nor can he prove, that the State has waived its immunity with regard to § 1983 lawsuits, and Congress did not abrogate Eleventh Amendment sovereign immunity when it enacted § 1983.

Moreover, Defendant Adams' alleged failure to return Plaintiff's seized property does not violate Plaintiff's Fourteenth Amendment rights.  In *Hudson v. Palmer*, 468 U.S. 517, 529-30, 104 S.Ct. 3194 (1984), the United States Supreme Court held that when a state actor deprives an individual of personal property, the individual does not have a § 1983 claim if state law provides an adequate post-deprivation remedy.  The State of Arkansas provides such a remedy through the Arkansas Claims Commission.  See ARK. CODE ANN. § 19-10-204(a) (vesting the Arkansas State Claims Commission with "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions").

Further, in order to establish a claim under § 1983, a plaintiff must establish both a constitutional violation and injury.  See *Ambrose v. Young*, 474 F.3d 1070, 1077 n.3 (8th

Cir. 2007) (citing *Brosseau v. Haugen*, 543 U.S. 194, 201, 125 S.Ct. 596, 600-01 (2004) and 42 U.S.C. § 1997e(a).  Here, Plaintiff has failed to plead either.  Plaintiff does not reference any constitutional violation or injury in his Complaint.  Therefore, the Plaintiff should be denied relief against Defendant Adams.

    C.    *W.C. Brassell Detention Facility*

In his complaint, Plaintiff names as a Defendant the W.C. Brassell Detention Facility.  Section 1983 authorizes suits against any "person" acting under color of state law who subjects a citizen to the deprivation of constitutional rights.  However, a jail is not a person or entity subject to suit under § 1983.  See *La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir. 2001) (unpub. table op.) (affirming dismissal of county jail on grounds that a jail is not an entity subject to suit under § 1983).  See *e.g. Powell v Cook County Jail*, 814 F.Supp. 757 (N.D. Ill. 1993) (jail not subject to suit under § 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) ("jail is not an entity that is amendable to suit").  Accordingly, all claims against the W.C. Brassell Detention Facility should be dismissed.

    D.    *Jefferson County*

Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees.  *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978).  In order to subject a county to § 1983 liability, a plaintiff must allege that the county has implemented or executed an

unconstitutional policy or custom.  See *Yellow Horse v. Pennington County*, 225 F.3d 923, 928 (8th Cir. 2000).  The Eighth Circuit Court of Appeals has defined the term "policy" as "an official policy, a deliberate choice of a guiding principle or procedure made by an official with authority."  *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).  The Eighth Circuit Court of Appeals has defined "custom" as a "persistent, widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999).  Here, Plaintiff's Complaint is devoid of any such facts or allegations.  Accordingly, Plaintiff's claim against Jefferson County must fail.

IV.   **Conclusion**

The Court recommends that the District Court dismiss Plaintiff's Complaint (#2) without prejudice and DENY Plaintiff's motion to proceed *in forma pauperis* as moot (#1).[1]

DATED this 25th day of March, 2008.

 

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Plaintiff did not provide the Court a complete application to proceed *in forma pauperis*.  Because the Court finds that Plaintiff has failed to state a claim under § 1983, a discussion of his deficient application to proceed *in forma pauperis* is not warranted.